JUDGE CASTEL

11 CV 2700

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne (JH 7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com

RECEIVED
APR 20 2011
U.S.D.C. S.D. N.Y.
CASHIERS

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL KUBALA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br>vs.<br><br>SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, YONGKE XUE, AND XIAOQIN YANG,<br><br>Defendants. | CASE No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Paul Kubala, on behalf of his minor child N. K. and on behalf of all other persons similarly situated, by his undersigned attorneys, for his complaint against SkyPeople Fruit Juice, Inc., ("SkyPeople", or the "Company"), alleges the following based upon personal knowledge as to himself and his own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through his attorneys, which included, among other things, a review of the Defendant's public documents, conference calls and announcements made by the Defendants, United States Securities and Exchange Commission

("SEC") filings, wire and press releases published by and regarding SkyPeople securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased common stock of SkyPeople during the period between March 31, 2010 and April 1, 2011, inclusively. Plaintiff seeks to recover damages caused by Defendants' violations of the Securities Exchange Act of 1934 (the "Exchange Act").

2. Throughout the Class Period, the Defendants made false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, prospects and performance. Specifically, during the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that a major acquisition it had made in 2009 was from the Company's CEO and one of the Company's directors.

3. When the market learned that the acquisition was from the CEO and a director, the Company's stock price plunged, damaging investors.

## JURISDICTION AND VENUE

4. The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

5. This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

6. Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b).

7. In connection with the acts, conduct and other wrongs alleged in this Complaint, the Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the NASDAQ.

## PARTIES

8. Plaintiff Paul Kubala, as set forth in the attached PSLRA certification, purchased SkyPeople securities for his minor child N. K. at artificially inflated prices during the Class Period and has been damaged thereby.

9. Defendant SkyPeople is a Florida Corporation with its principal executive offices located at 16F National Development Bank Tower No. 2, Gaoxin 1st Rd., Xi'an, People's Republic of China. SkyPeople produces, markets, and sells fruit juice and fruit juice concentrate.

10. Defendant Yongke Xue ("Xue") was, at all relevant times, Chief Executive Officer and a Director of SkyPeople.

11. Defendant Xiaoqin Yang ("Yang") was, at all relevant times, a Director of SkyPeople.

12. Collectively, Defendants Xue and Yang are the "Individual Defendants".

13. Collectively, SkyPeople and the Individual Defendants are the "SkyPeople Defendants".

14. Defendant Rodman & Renshaw, LLC ("Rodman & Renshaw") was underwriter for a Secondary Offering of SkyPeople stock with a Prospectus dated August 26, 2010.

15. During the Class Period, the Individual Defendants and SkyPeople and its subsidiaries and affiliates, were privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections. Because of possession of such information, the Defendants knew or recklessly disregarded the fact that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

16. Defendants had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents and via reports and other information provided in connection therewith.

17. Throughout the Class Period, the Defendants were able to control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. The Defendants had access to the documentation of filings alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or to cause them to be corrected. Accordingly, the Defendants are responsible for the accuracy of the public reports and press releases detailed herein, and are therefore primarily liable for the representations contained therein.

## ALLEGATIONS OF FRAUD

18. The Class Period begins on March 31, 2010, when SkyPeople filed its annual report for the year ending December 31, 2010, on Form 10-K.

19. Under the header Risk Factors, the Company included a section titled "***[w]e may have inadvertently violated Section 402 of the Sarbanes-Oxley and Section 13(k) of the Exchange Act and may be subject to sanctions for such violations***" that disclosed a related

party transaction.

20. The Company disclosed no other related party transactions.

21. In 2009, the Company had purchased Yingkou Trusty Fruits, Co., Ltd. ("Yingkou"). The Company paid 22.7 Million Renmibi for Yingkou.

22. The Company's CEO and Defendant Yang (a director of SkyPeople) owned an entity called Shaanxi Future Adventure Investment & Management Co., Ltd. ("Shaanxi Future"). The Company's CEO owned 80% of Shaanxi Future, and Defendant Yang owned 20%.

23. Shaanxi Future owned 46% of Yingkou.

24. The Yingkou transaction was therefore an undisclosed related party transaction.

25. Statement of Financial Accounting Standards ("SFAS") No. 57 and No. 850 provide that a public company's "[f]inancial statements shall include disclosures of material related party transactions." SFAS No. 57 ¶ 2; 850-10-50-1. "Related party transactions" include those between "an enterprise and its principal owners, management, or members of their immediate families" and those between a company and its "affiliates." SFAS No. 57 ¶ 1; 850-10-05-3. "Affiliate" includes any company that is under common control or management with the public company. SFAS No. 57 ¶ 24(a, b); 850-10-20.

26. The 2009 10-K was therefore not in compliance with GAAP.

27. Financial Statements not in compliance with GAAP are presumed to be misleading. SEC Regulation S-X, 17 C.F.R. § 210.4-01. Therefore, the Company's 2009 10-K was misleading.

28. In the Yingkou transaction, defendants violated GAAP through a related-party transaction concealed behind a shell company.

29. The related party transaction benefited the Company's CEO and Defendant Yang

at the expense of shareholders.

30. The related party transaction therefore supports a strong inference of scienter.

31. On August 26, 2010, the Company issued a Prospectus for the sale of certain of its shares (the "Offering").

32. The Underwriter for the Offering was Defendant Rodman & Renshaw.

33. The Prospectus stated that "there has not been a reportable transaction between us and a related party since January 1, 2009."

34. This statement was false. The Yingkou transaction was a reportable transaction between the Company and a related party. Therefore, the Prospectus was misleading. SEC Regulation S-X, 17 C.F.R. § 210.4-01.

35. On April 1, 2011, the Company issued its annual report for the year ending December 31, 2010, on Form 10-K.

36. The Company disclosed that the Yingkou transaction was a related party transaction as set out above.

37. On April 1, 2011, analyst firm Roth Capital Partners cut its price target on the Company from $13 per share to $4 per share, citing concerns about related party transactions.

38. The Company's stock closed at $4.41 per share on March 31, 2011. On April 1, it closed at $3.85 per share. On April 4 (the next trading day), it closed at $3.57 per share.

39. This stock drop damaged investors.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased

common stock of SkyPeople stock during the Class Period and who were damaged thereby. Excluded from the Class are the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

41. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, the Company's common stock was actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class. Members of the Class may be identified from records maintained by SkyPeople or its transfer agent, and may be notified of the pendency of this action by mail using a form of notice customarily used in securities class actions.

42. Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

43. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants acts as alleged herein;

(b) whether statements made by the Defendants to the investing public during the Class Period misrepresented material facts about the business, operations, and management of SkyPeople; and

(c) to what extent the members of the Class have sustained damages, and the proper measure of damages.

45. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

**Applicability of Presumption of Reliance:**
**<u>Fraud-on-the-Market Doctrine</u>**

46. At all relevant times, the market for SkyPeople common stock was an efficient market for the following reasons, among others:

(a) The Company's stock met the requirements for listing, and was listed and actively traded on the NASDAQ, a highly efficient and automated market;

(b) As a regulated issuer, SkyPeople filed periodic public reports with the SEC and the NASDAQ;

(c) SkyPeople regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major

newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(d) SkyPeople was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace; and

47. As a result of the foregoing, the market for the Company's common stock promptly digested current information regarding SkyPeople from all publicly available sources and reflected such information in SkyPeople's stock price. Under these circumstances, all purchasers of the Company's common stock during the Class Period suffered similar injury through their purchase of SkyPeople's common stock at artificially inflated prices, and a presumption of reliance applies.

## NO SAFE HARBOR

48. The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many or all of the specific statements pleaded herein were not identified as "forward-looking statements" when made. To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each

of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the Company who knew that those statements were false when made.

**FIRST CLAIM**
**Violation of Section 10(b) of**
**The Exchange Act and Rule 10b-5**
**Promulgated Thereunder Against All Defendants**

49. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

50. During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase SkyPeople's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

51. Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for SkyPeople's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

52. Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of

conduct to conceal adverse material information about the business, operations and future prospects of SkyPeople as specified herein.

39. These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of SkyPeople's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about SkyPeople and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of SkyPeople's securities during the Class Period.

40. Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available. Such material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing SkyPeople's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by overstatements and misstatements of the Company's financial condition throughout the Class Period, if the Defendants did not have actual knowledge of the misrepresentations and omissions alleged, they were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

41. As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of SkyPeople's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of SkyPeople's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by the Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by the Defendants, but not disclosed in public statements by the Defendants during the Class Period, Plaintiff and the other members of the Class acquired SkyPeople common stock during the Class Period at artificially high prices, and were, or will be, damaged thereby.

42. At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff and the other members of the Class and the marketplace known the truth regarding SkyPeople's financial results, which was not disclosed by the Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their SkyPeople securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

43. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of SkyPeople's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

44. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

45. This Second Claim is asserted against each of the Individual Defendants.

46. The Individual Defendants acted as controlling persons of SkyPeople within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of aspects of the Company's revenues and earnings and dissemination of information to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading. The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued, and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

47. In particular, each of these Defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

48. As set forth above, SkyPeople and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

49. By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act as they culpably participated in the fraud alleged herein. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

50. This action was filed within two years of discovery of the fraud and within five years of Plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b) Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c) Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d) Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 20, 2011

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne, Esq. (JH7258)
275 Madison Avenue, 34th Floor
New York, NY 10016
Phone: (212) 686-1060
Fax: (212) 202-3827

Counsel for Plaintiff

**From:** postmaster@rosenlegal.com [mailto:postmaster@rosenlegal.com]
**Sent:** Friday, April 15, 2011 10:13 AM
**To:** lr54321@gmail.com
**Subject:** Confirmation of Receipt of Certification

Dear [redacted] N K[redacted]

We have received your certification in the SkyPeople Fruit Juice, Inc. class action litigation. Thank you for submitting your information. Below is a copy of your certification - please retain it for your records. If you have any questions, please feel free to contact us at 1-866-rosenlegal (866-767-3653) or via e-mail at info@rosenlegal.com.

With increasing frequency, we find that our new clients were victimized by more than one company. If you think you may have lost monies in the market due to the dishonest acts or statements of a different company and would like it to be investigated, free of charge, please email us at reportfraud@rosenlegal.com.

Sincerely,

The Rosen Law Firm P.A.

--------

CERTIFICATION

Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., retains The Rosen Law Firm P.A. to file an action under the federal securities laws to recover damages and to seek other relief against SkyPeople Fruit Juice, Inc.. The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis and will advance all costs and expenses. The SkyPeople Fruit Juice, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by The Rosen Law Firm P.A.

First name: N[redacted]

Last name: K[redacted]

REDACTED

Address:[redacted]

City[redacted]

State, Zip[redacted]

Email:[redacted]

Phone[redacted]

The Plaintiff Certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Shares Purchased:

Purchase Date(s): 02/15/11
Number of shares: 600
Price per Share: 4.639

Purchase Date(s): 02/15/11
Number of shares: 400
Price per Share: 4.6399

Purchase Date(s): 03/03/11
Number of shares: 400
Price per Share: 4.6399

Shares Sold:

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served

as a representative party for a class in an action filed under the federal securities laws except if detailed below:

Note: These SPU shares were purchased by the custodian/father for the above named shareholder's UGTMA account. The custodian's name is: Paul D. Kubala, and the personal information provided above is that of the custodian.

I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate: yes

By clicking on the button below, I intend to sign and execute this agreement: yes

Clicked to Submit Certification in the SkyPeople Fruit Juice, Inc. Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act

-------------

Confidential Information

The information in this e-mail message is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (866-767-3653) and return the original message to the above e-mail address. Thank you.

-------------