## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PAUL KUBALA, Individually and on Behalf of All Others Similarly Situated, | : | Case No. 2:11-CV-2700-PKC |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | "ECF" Case |
| vs. | : | |
| | : | |
| SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, YONGKE XUE, and XIAOQIN YANG, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| BENJAMIN L. PADNOS, Individually and on Behalf of All Others Similarly Situated, | : | Case No. 2:11-CV-4177 |
| | : | |
| Plaintiff, | : | |
| | : | "ECF" Case |
| vs. | : | |
| | : | |
| SKYPEOPLE FRUIT JUICE, INC., YONGKE XUE, SPRING LIU, XIAOQIN YAN, GUOLIN WANG, JOHN SMAGULA, NORMAN KO, CHILD VAN WAGONER & BRADSHAW, PLLC, BDO LIMITED, and RODMAN & RENSHAW, LLC, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF BENJAMIN L. PADNOS'S MOTION TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

## TABLE OF CONTENTS

**PROCEDURAL BACKGROUND** .......................................................................... 2

**STATEMENT OF FACTS** .................................................................................. 3

**ARGUMENT** ..................................................................................................... 5

   I.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS ................... 5

   II.   MOVANT PADNOS SHOULD BE APPOINTED LEAD PLAINTIFF ................... 6

        A.    The Procedural Requirements Pursuant to the PSLRA .................................. 6

        B.    Movant Padnos Is "The Most Adequate Plaintiff" ....................................... 7

              1.    Movant Padnos Has Complied With the PLSRA and Should Be Appointed Co-Lead Plaintiff ....................................................... 7

              2.    Movant Padnos Has the Largest Financial Interest ............................. 8

              3.    Movant Padnos Satisfies the Requirements of Rule 23 ........................ 9

                    i.    Movant Padnos's Claims Are Typical of the Claims of All the Class Members .................................................................. 10

                    ii.    Movant Padnos Will Adequately Represent the Class ........... 12

   III.   THE COURT SHOULD APPROVE MOVANT PADNOS'S CHOICE OF COUNSEL ................................................................................. 13

**CONCLUSION** ................................................................................................ 13

## TABLE OF CASES

*Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) ................................................ 10, 11

*Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004) ....................................................................................................................................... 11

*Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996)....................................... 6

*In re Authentidate Holding Corp.*, 2006 WL 2034644 at *7 (S.D.N.Y. July 14, 2006)............... 11

*In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 at *5 (S.D.N.Y. June 5, 2011) ................ 11

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.,* 258 F.R.D. 260 (S.D.N.Y. 2009)...... 12

*In re Cavanaugh*, 306 F.3d at 729-30 ......................................................................................... 7, 8

*In re Olsten Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998) ................................. 5

*In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998).......... 7, 10, 11

*Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997)......................................................................................................... 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004)............................................. 6, 7

*Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ................................. 5

*Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986) ........................................... 10

*Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) ....................................... 10

*Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004)........................................... 7, 8

*Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, *6 (S.D.N.Y. Sept. 6, 2005).... 4, 5

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ........... 10

*Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) ...................................................................... 5

*Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980) ...................................................... 11

## PRELIMINARY STATEMENT

Plaintiff Benjamin L. Padnos ("Padnos" or "Movant") respectfully submits this memorandum of law in support of his motion for an Order consolidating all related securities class actions filed against Defendant SkyPeople Fruit Juice, Inc.[1] ("SkyPeople" or the "Company") and other defendants; appointing Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and approving of his selection of the law firm of Federman & Sherwood as Lead Counsel.

Movant Padnos fully understands his duties and responsibilities to the Class and is willing and able to oversee the vigorous prosecution of this action.  As described in the Investor Certification attached as Exhibit A to the Declaration of William B. Federman in Support of the Motion of Benjamin L. Padnos to Consolidate All Similar Actions, To Be Appointed Lead Plaintiff, and To Approve Proposed Lead Plaintiff's Choice of Counsel ("Federman Decl."), Movant Padnos has suffered losses of $13,030.00[2] as a result of his purchases of SkyPeople securities during the period March 31, 2010 through and including April 1, 2011 (the "Class Period") and pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with SkyPeople's secondary offering completed on or about August 30, 2010

---

[1] Two securities class actions have been filed in the U.S. District Court for the Southern District of New York and include the following cases:  *Paul Kubala v. SkyPeople Fruit Juice, Inc., et al.*, 11-2700-PKC (filed April 20, 2011); *Benjamin L. Padnos v. SkyPeople Fruit Juice, Inc., et al.*, 11-4177 (filed June 20, 2011).

[2] This figure is based on Movant Padnos's losses pursuant to Sections 11 and 12 of the Securities Act.

("Secondary Offering").  *See* Exhibit B to Federman Decl.  To the best of his knowledge, Movant Padnos has sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, Movant Padnos's Investor Certification demonstrates his intent to serve as Lead Plaintiff in this litigation, including his cognizance of the duties of serving in that role.  *See* Exhibit A to Federman Decl.  Moreover, Movant Padnos satisfies both the applicable requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and is presumptively the "most adequate plaintiff."

Accordingly, the Court should (1) consolidate the related actions concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appoint Movant Padnos as Lead Plaintiff in this action; and (3) approve Movant Padnos's selection of the law firm of Federman & Sherwood as Lead Counsel.

## PROCEDURAL BACKGROUND

The first lawsuit against defendants, *Paul Kubala v. SkyPeople, Inc., et al.*, 11-2700-PKC, was filed in the United States District Court for the Southern District of New York on April 20, 2011.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i), on April 20, 2011, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than June 20, 2011.

Movant Padnos is a Class Member (*see* Federman Decl. at Exhibit A) who filed a complaint and timely filed this motion within the 60 day period following publication of the April 20, 2011 notice.

2

**STATEMENT OF FACTS**

SkyPeople is a Chinese based company that produces, markets, and sells fruit juice and fruit juice concentrate, primarily in the People's Republic of China.

The Complaints[3] allege that various press releases and SEC filings, including the Company's Registration Statement and the Prospectus in connection with the Company's Secondary Offering misrepresented the financial strength of the Company and failed to disclose that: (i) SkyPeople had funneled money to a company substantially owned by the Company's CEO and one of the Company's directors; (ii) SkyPeople's purported financial results drastically deviated from the financial results the Company reported to Chinese regulators; (iii) SkyPeople was exaggerating information relating to its production capabilities; (iv) SkyPeople was misrepresenting that it owned the largest kiwifruit plantation in Asia; and (v) the Company's statements regarding its distribution and sales volumes were inflated. The true facts concerning the Company's financial condition were material to a reasonable investor's decision to purchase units of the Company's stock. The Complaints allege that Defendants made materially false and misleading statements throughout the Class Period.

The Class Period begins on March 31, 2010 when SkyPeople filed with the SEC its annual report for the year ending 2009 on Form 10-K. On August 16, 2010, SkyPeople filed a Registration Statement in connection with the Company's secondary offering with the SEC on Form S-1/A (the "Registration Statement"). The Registration Statement was declared effective by the SEC on August 24, 2010. A Prospectus in connection with the Registration Statement and Secondary Offering was filed on August 26, 2010. The Complaints allege that these and other SEC reports filed, and statements made, by the Defendants during the Class Period contained

---

[3] The allegations summarized herein derive from *Paul Kubala v. SkyPeople Fruit Juice, Inc., et al.*, 11-2700-PKC (filed April 20, 2011) and/or *Benjamin L. Padnos v. SkyPeople Fruit Juice, Inc., et al.*, 11-4177 (filed June 20, 2011).

materially false and misleading statements.

The Company sold more than $25 million in securities in the Secondary Offering pursuant to the Registration Statement and Prospectus.  Movant Padnos purchased SkyPeople securities pursuant to the Registration Statement and Prospectus.

The Class Period closes on April 1, 2011, when the true facts began to be revealed.  On that day, the Company disclosed that it had engaged in a previously undisclosed related party transaction involving the Company's CEO and a director of the Company.  Then, on June 1, 2011, Absaroka Capital Management ("Absaroka") issued a report, citing to Chinese State Administration for Industry and Commerce ("SAIC") filings, which stated that SkyPeople misrepresented its financial performance, business prospects, and financial condition to investors.  Specifically, the report alleged that SkyPeople had "massively overstated" its financial position and results; that the Company had exaggerated its production capabilities; that SkyPeople had falsely represented that it owned the largest kiwifruit plantation in Asia, and; that the Company had inflated its sales and distribution figures.  On this news, the price of SkyPeople stock fell precipitously.

As a result of the April 1, 2011 disclosure and recent adverse report, SkyPeople's common shares declined 19% in one day to close at $3.57 per share on April 4, 2011, and plunged further to close at $2.08 on June 1, 2011—the day the Absaroka report was released. Defendants' materially false and misleading statements during the Class Period resulted in Movant Padnos and other members of the Class purchasing the Company's common stock at artificially inflated prices, thus causing damages to Movant Padnos and the members of the Class.

## ARGUMENT

## I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation pursuant to Rule 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.[4]   *See Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, *6 (S.D.N.Y. Sept. 6, 2005).[5]   Courts have recognized that securities class actions, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.   *See, e.g.*, *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).   Indeed, "[i]n securities actions where the complaints are based on the same 'public statements and reports,' consolidation is appropriate if there are common questions of law and fact" and the parties will not be prejudiced.   *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).   Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that results from prosecuting related actions separately before two or more judges.   *Id.   See also In re Olsten*

---

[4] Here, the *Kubala* case pleads only violations of the Exchange Act.  The *Padnos* case pleads violations of both the Securities Act and the Exchange Act.  If additional securities cases are subsequently filed alleging the same course of conduct and similar or identical claims against the same or similar defendants, consolidation would be proper.  *See* Rule 42(a).

[5] Rule 42(a) of the Federal Rules of Civil Procedure allows this Court to order consolidation of separate actions:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs of delay.

*Corp. Securities Litigation*, 3 F.Supp.2d 286 (E.D.N.Y. 1998).

Accordingly, this Court should enter an Order that consolidates any related cases with the instant action.

## II.   MOVANT PADNOS SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a Lead Plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 78u-4(a)(3) and 15 U.S.C. § 77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the Class informing Class Members of their right to file a motion for appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i) and 15 U.S.C. § 77z-1(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Business Wire* on April 20, 2011.  *See* Federman Decl. at Exhibit C.[6]  This notice indicated that applications for appointment as Lead Plaintiff were to be made no later than June 20, 2011.  Within 60 days after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(A) and (B) and 15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class Members.  15

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-cv-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-cv-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. August 6, 1997).

U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the acts provide that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
>> (aa)   has either filed the complaint or made a motion in response to a notice…
>>
>> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii).  *See In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 43-44 (S.D.N.Y. 1998); *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 401 (S.D.N.Y. 2004).

The moving class member with the largest financial stake in the litigation, and who otherwise satisfies the requirements of Fed. R. Civ. P. 23(a), is the presumptive lead plaintiff.  *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LeBranche & Co., Inc.,* 229 F.R.D. 395, 402 (S.D.N.Y. 2004).  As discussed below, Movant satisfies each of the criteria set forth above.

### B.   Movant Padnos Is "The Most Adequate Plaintiff"

#### 1.   Movant Padnos Has Complied With the PLSRA and Should Be Appointed Co-Lead Plaintiff

Movant Padnos moves this Court to be appointed Lead Plaintiff and has timely filed the instant motion to be appointed Lead Plaintiff within the 60-day time period requirement.  The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on April 20, 2011.  Accordingly, Movant Padnos meets the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(aa), and has filed his

motion by June 20, 2011.

### 2.     Movant Padnos Has the Largest Financial Interest

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the plaintiff who has the largest financial interest in the relief sought by the action.  *See Sofran*, 220 F.R.D. at 401.  "[T]he district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the 'presumptively most adequate plaintiff – and hence the presumptive lead plaintiff – the one who has the largest financial interest in the relief sought by the class' . . ." *In re Cavanaugh*, 306 F.3d at 729-30.  "In so doing, the court may select accounting methods that are both rational and consistent." *Id.* at 730 n.4.

Section 11(a) of the Securities Act provides that a suit may be brought to recover plaintiff's damages as shall represent:

> the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and (1) the value thereof as of the time such suit was brought, or (2) the price at which such security shall have been disposed of in the market before suit, or (3) the price at which such security shall have been disposed of after suit but before judgment if such damages shall be less than the damages representing the difference between the amount paid for the security (not exceeding the price at which the security was offered to the public) and the value thereof as of the time such suit was brought.

15 U.S.C. §77k(e).

A person that violates Section 12(a)(2) of the Securities Act "shall be liable, subject to subsection (b), to the person purchasing such security from him, who may sue either at law or in equity in any court of competent jurisdiction, to recover the consideration paid for such security with interest thereon, less the amount of any income received thereon, upon the tender of such security, or for damages if he no longer owns the security."  15 U.S.C. §77l(a).

With respect to Section 10(b) claims, Section 21D(e)(1) of the PSLRA provides that when a plaintiff seeks to establish damages by reference to the market price of a security, the award of damages shall not exceed:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

If a plaintiff sells or repurchases his securities prior to the expiration of the 90-day period, his losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

15 U.S.C. § 78u-4(e)(2).

All of Movant Padnos's purchases of SkyPeople securities were made during the Class Period and pursuant to the Company's August 16, 2011 Registration Statement and accompanying Prospectus.   Under the above methodologies for determining damages with respect to Section 11 and 12(a)(2) claims Movant Padnos has suffered losses of $13,030.00. *See* Federman Decl. at Exhibits A and B.

As demonstrated herein, Movant Padnos, with losses in the amount of $13,030.00, has the largest known financial interest in the relief sought by the Class.  *See* Federman Decl. at Exhibits A-B.

### 3.       Movant Padnos Satisfies the Requirements of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must

also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy— directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Oxford Health*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); s*ee also, Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003).  As detailed below, Movant Padnos satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.  Movant Padnos has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### i.    Movant Padnos's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class."  The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of

conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also, Ferrari v. Impath*, No. 03-cv-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met. Movant Padnos and all of the Class Members purchased SkyPeople securities during the Class Period and/or pursuant and/or traceable to the Secondary Offering, when the prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, Movant Padnos and the Class Members suffered damages as a result of these purchases.

Moreover, Movant Padnos filed a complaint alleging Sections 11, 12(a)(2), and 15 Securities Act claims. The *Kubala* complaint alleged only claims under the Exchange Act. Because Movant Padnos purchased SkyPeople shares directly pursuant to the Registration Statement and Prospectus he has standing to assert Sections 11, 12(a)(2), and 15 claims arising from the false or misleading Registration Statement and Prospectus. *See, e.g., In re Barclays Bank PLC Sec. Litig.*, 2011 WL 31548 at *5 (S.D.N.Y. June 5, 2011); *In re Authentidate Holding Corp.*, 2006 WL 2034644 at *7 (S.D.N.Y. July 14, 2006). It appears that the other named plaintiff does not have such standing to pursue these Securities Act claims.

Movant Padnos's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. Moreover, Movant Padnos is not subject to any unique or special defenses. Thus, Movant Padnos meets the

typicality requirement of Fed. R. Civ. P. Rule 23, because his claims are typical of the claims of the other Class Members.

### ii.     Movant Padnos Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." This Court has recognized that "[t]he adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (quoting *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007)).

Movant Padnos's interests are clearly aligned with the members of the Class. Movant's claims are identical to the claims of the Class. There is no evidence of antagonism between his interests and those of the proposed Class Members. Movant Padnos will adequately and vigorously pursue the interests of the Class. In addition, Movant Padnos has selected a law firm that is highly experienced in prosecuting securities class actions such as this one to represent it.

In sum, because of Movant Padnos's common interests with the Class Members, his motivation and ability to vigorously pursue this action, and his retention of qualified counsel, the adequacy requirement of Fed. R. Civ. P. Rule 23(a) is met in this case. Therefore, since Movant Padnos meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23(a), and has sustained the largest amount of losses at the hands of the Defendants, he is, in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I), presumptively the most adequate plaintiff to lead this action.

### III.    THE COURT SHOULD APPROVE MOVANT PADNOS'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa).

Movant Padnos has selected Federman & Sherwood to serve as Lead Counsel.  Federman & Sherwood are highly qualified counsel.  *See* Federman Decl. at Exhibit D.  Federman & Sherwood has prosecuted numerous complex securities actions.  *See id.*  This Court may be assured that in the event this motion is granted, the members of the Class will receive the highest caliber of legal representation.

<u>**CONCLUSION**</u>

For all of the foregoing reasons, Movant Padnos respectfully requests that this Court: (1) consolidate all related actions, (2) appoint Movant Padnos to serve as Lead Plaintiff in this action; (3) approve his selection of Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: June 20, 2011                              Respectfully submitted,

                                       s/ William B. Federman
                                    William B. Federman (WF9124)
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, Oklahoma 73120
Telephone: (405) 235-1560
Facsimile:  (405)  239-2112
wbf@federmanlaw.com

*Counsel for Movant Padnos and Proposed Lead Counsel for the Class*

13

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 20th day of June, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

 s/ William B. Federman
William B. Federman