## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL KUBALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, YONGKE XUE, AND XIAOQIN YANG,<br><br>Defendants. | No. 1:11-cv-02700 (PKC) |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEWY GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Proposed lead plaintiffs Zachary Lewy, Eric Klement and John Lee ("Movants" or "Lewy Group") respectfully submits this memorandum of law in support of their motion for appointment as lead plaintiff and approval of lead counsel.

### I.      BACKGROUND

This is a securities class action on behalf of purchasers of the securities of SkyPeople Fruit Juice, Inc., ("SkyPeople" or the "Company") between March 31, 2010 and April 1, 2011, inclusive (the "Class Period," seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

Plaintiffs allege that throughout the Class Period Defendants made false and/or misleading statements and/or failed to disclose material adverse facts about the Company's business, operations, and financial performance and prospects.  On March 31, 2010, the Company issued its Annual Report on Form 10-K for the year ending December 31, 2009.  The Company stated that there were

1

no related party transactions that year.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) in 2009, the Company had purchased Yingkou Trusty Fruits, Co., Ltd. ("Yingkou"). The Company paid 22.7 Million Renmibi for Yingkou; (2) The Company's CEO and Defendant Yang (a director of SkyPeople) owned an entity called Shaanxi Future Adventure Investment & Management Co., Ltd. ("Shaanxi Future"). The Company's CEO owned 80% of Shaanxi Future, and Defendant Yang owned 20%. (3) Shaanxi Future owned 46% of Yingkou; (4) as a result, the Yingkou transaction was therefore an undisclosed related party transaction; (5) the Company lacked adequate internal and financial controls; and (6), as a result of the foregoing, the Company's statements were materially false and misleading at all relevant times.

On April 1, 2011, Roth Capital Partners cut their price target for SkyPeople from $13 to $4.50, citing concerns about related party transactions. From March 31, 2011 to April 4, 2011 (two trading days), SkyPeople stock price fell from $4.41 per share to $3.57 per share, damaging investors.

## II.    PROCEDURAL HISTORY

This action was commenced on April 20, 2011.  That same day, the Rosen Law Firm, P.A., issued a PSLRA early notice advising potential class members of the pendency of the action and the option of class members to seek appointment as lead plaintiff.  *See* Declaration of Phillip Kim, filed herewith ("Kim Decl."), Ex. 1.

The Lewy Group filed the instant motion pursuant to the PSLRA early notice, and filed this motion prior to expiration of the 60-day period from publication of the April 20, 2011, notice.

## III.   ARGUMENT

### A.    Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. §78u-4(a)(3)(B).  The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

> (aa)  has either filed the complaint or made a motion in response to a notice... ;
>
> (bb)  in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44 (S.D.N.Y. 1998).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption that they are the "most adequate plaintiff" for the Class.

### 1.    Movants Are Making A Motion In Response To A Notice

On April 20, 2011, pursuant to §21D(a)(3)(A)(I) of the PSLRA, counsel for plaintiff in the first-filed action published a notice of the pendency of plaintiff's case on *Business Wire* – a widely circulated national business-oriented wire service[1] – announcing that a securities class action had been filed against SkyPeople and certain of its executive officers, and advising purchasers of the Company's securities that they had until June 20, 2011, to file a motion to be appointed as lead

---

[1] *In re Party City Securities Litigation,* 189 F.R.D. 91, 105 n.10 (D.N.J. 1999) (national newswire

plaintiff.

Movants file the instant motion pursuant to the published notice, and submit herewith Movants' sworn certifications attesting that they are willing to serve as representatives of the Class and willing to provide testimony at deposition and trial, if necessary.  *See* Kim Decl., Ex. 2. Movants therefore satisfy the first PSLRA requirement that a putative lead plaintiff either file a complaint or make a motion in response to a published notice.

### 2.    Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. §78u-4(a)(3)(B)(iii); *see Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 401-402 (S.D.N.Y. 2004).

As demonstrated herein, Movants believe that they have the largest financial interest in this case among class members who filed timely applications for appointment as lead plaintiff, and accordingly are presumed to be the "most adequate plaintiff."  *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

During the Class Period, Movants purchased 105,000 shares of SkyPeople stock at prices alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, Movants has suffered collective financial losses of $108,658.20.  *See* Kim Declaration, Exhibit 3.  Movants are not aware of any other Class member that has filed an application for appointment as lead plaintiff claiming larger financial losses and, consequently, believe that they have the largest known financial interest in this case among Class members who

---

services meet the statutory notice provision).

4

filed timely applications for appointment as lead plaintiff.  Movants thus satisfy the largest financial

interest requirement to be appointed as lead plaintiff for the Class. *Greebel v. FTP Software,* 939 F.

Supp. 57, 64 (D. Mass. 1996).

### 3. Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing

the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy

the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a

party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there
> are questions of law or fact common to the class, (3) the claims or defenses of the
> representative parties are typical of the claims or defenses of the class, and (4)
> the representative parties will fairly and adequately protect the interest of the
> class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the

Court need not raise its inquiry to the level required in ruling on a motion for class certification.  A

*prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient.  *See*

*Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1158 (N.D. Cal. 1999).  Courts thus limit

their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the

remaining requirements until class certification. *In re Party City*, 189 F.R.D. at 106 ("'A wide-

ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be

left for consideration of a motion for class certification.'") (quoting *Fischler v. Amsouth

Bancorporation,* 1997 WL 118429, at *2 (M.D.Fla. Feb. 6, 1997) and *Gluck v. Cellstar Corp.*, 976

F. Supp. 542, 546 (N.D. Tex. 1997)); *see also In re Olsten Corp.*, 3 F. Supp. 2d, at 296.

### a.   Movants' Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002) (citations omitted).  Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*; *Ferrari v. Impath, Inc.*, 2004 WL 1637053, at *5 (S.D.N.Y. July 20, 2004).

Here, Movants' claims are typical of the claims asserted by the Class.  Movants, like all members of the Class, allege that defendants violated the federal securities laws by disseminating false and misleading statements concerning the business, operations and financial prospects of SkyPeople. Movants, like all of the members of the Class, purchased SkyPeople securities at prices artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Movants' interests are closely aligned with other Class members', and Movant's interests are, therefore, typical of the other members of the Class.

### b.   Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a movant's claims and those asserted on behalf of the class.  *In re Cendant Corp. Litigation*, 264 F.3d 201, 265 (3d Cir. 2001).  Here, Movants have demonstrated their adequacy as lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and have shown that they are " 'willing and able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger v. Compaq Computer Corp.,*

257 F.3d 475, 479 (5th Cir. 2001).  Movants have communicated with competent, experienced counsel concerning this case, and have made this motion to be appointed lead plaintiff.  Movants are not aware that any conflict exists between Movants' claims and those asserted on behalf of the Class.  Movants also sustained substantial financial losses from their investments in SkyPeople securities and are, therefore, extremely motivated to pursue the claims in this action. *See* Kim Decl., Ex. 2.

### 4.    Movants Are Presumptively The Most Adequate Plaintiff

The presumption in favor of appointing Movants as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)      will not fairly and adequately protect the interest of the class; or
>
> (bb)      is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. §78 u-4(a)(3)(b)(iii)(I). *Ferrari*, 2004 WL 1637053, at *6.

The presumption that Movants are the most adequate lead plaintiff is not, therefore, subject to rebuttal.  Movants have suffered substantial financial losses and believe they have the largest financial interest in this case of any timely lead plaintiff movant. The ability of Movants to fairly and adequately represent the Class is discussed above.  Movants are not aware of any unique defenses defendants could raise against them that would render Movants inadequate to represent the Class. Accordingly,  Movants are presumptively the most adequate plaintiff and should be appointed lead plaintiff for the Class. *See In re Cendant Corp.*, 264 F.3d at 268.

### C.    The Court Should Approve Movants' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court.  *See* §21D(a)(3)(B)(v) of the Exchange Act.  Thus, the Court should not

disturb the lead plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh* 306 F.3d 726, 733 (9th Cir. 2002). In the present case, Movants have retained The Rosen Law Firm P.A. to pursue this litigation on their behalf, and will retain the firm as plaintiffs' lead counsel, in the event Movants are appointed lead plaintiff. The Rosen Law Firm P.A. possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumés attached to the Kime Decl., as Ex. 4. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movants respectfully asks the Court to grant their motion and enter an Order (a) consolidating the above-captioned related actions, (b) appointing the Lewy Group and its members as lead plaintiff, (c) approving their selection of The Rosen Law Firm P.A.as lead counsel for the Class, and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: June 20, 2011                     THE ROSEN LAW FIRM P.A.

By: /s/ Phillip Kim_____
Phillip Kim (PK 9384)
Laurence Rosen (LR 5733)
Jonathan Horne (JH 7258)
275 Madison Avenue, 34th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com
jhorne@rosenlegal.com

8

*Proposed Lead Counsel*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this, the 20th day of June, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Phillip Kim