```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-4-13
```

# The Rosen Law Firm
### INVESTOR COUNSEL

JonathanHorne, Esq.
jhorne@rosenlegal.com

**MEMO ENDORSED**

**BY FACSIMILE**

Honorable P. Kevin Castel
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Lewy v. SkyPeople Fruit Juice, Inc.*, Case No. 11-CV-2700-PKC

Dear Judge Castel:

We represent Lead Plaintiff Zachary Lewy, and Named Plaintiffs John Lee, Eric Klement, and Benjamin Padnos ("Plaintiffs") in the above-referenced action, and write on behalf of Plaintiffs and all remaining parties, *i.e.* SkyPeople Fruit Juice, Inc., Yongke Xue, Hongke Xue, Xiaoqin Yan, Spring Liu, Norman Ko, Guolin Wang, Robert B. Fields, and John Smagula (collectively, the "Defendants", and together with Plaintiffs, the "Parties").[1] The Parties seek the Court's resolution of a discovery dispute. The Parties have met and conferred regarding this discovery dispute on December 6, 2012, and January 18, 2013, but have been unable to resolve the dispute.

### I.    The discovery at issue.

Plaintiffs' first request for the production of documents requested that Defendants produce a detailed SkyPeople organizational chart. On December 6, 2012, the Parties met and conferred regarding Plaintiffs' first requests for the production of documents. Then, Defendants agreed to produce a detailed organizational chart. By email dated December 12, 2012, Plaintiffs requested a detailed organizational chart. On January 18, 2013, the parties met and conferred, and Plaintiffs requested a status report on Defendants' production and a detailed organization chart.

Defendants have not yet produced an organizational chart but have indicated to Plaintiffs by letter dated February 8, 2013, that they will seek to produce an organizational chart some time after February 17, 2013, noting that because of the Chinese New Year, "it may take some

---

[1] Defendant Rodman & Renshaw, LLC has filed for bankruptcy protection.

The Rosen Law Firm, P.A. ♦ 275 Madison Avenue, 34th Floor ♦ New York, NY 10016 ♦ Tel: (212) 686-1060 ♦ Fax: (212) 202-3827

---

**Handwritten endorsements by Judge:**

(the "Corporate Defendant") on any defendant

1. By March 29, 2013, Sky People Fruit-Juice, Inc., shall produce a Rule 30(b)(6) witness in New York, N.Y. at the office of plaintiff's counsel for a [?] hour deposition on the organizational structure of the Corporate Defendant, including the names, identities, addresses, duties and responsibilities of all employees with managerial responsibilities, the persons who report to said employees and the persons to whom said employees report. This deposition shall be separate from and in addition to any other deposition.

2. All documents responsive to any document request served by plaintiff on or before December 6, 2012 shall be produced no later than April [19?] on a rolling basis beginning immediately and ending no later than April 19, 2013. Failure to comply will result in the striking of the answer of any defendant who has not complied.

SO ORDERED.
[signature], USDJ 3-4-13

time for us to receive this information from our client [but o]nce we receive it, however, we will produce it to you."

On November 20, 2012, the Court entered a Civil Case Management Plan in this case. Dkt. # 99. The Plan provides that first interrogatories shall be served by March 1, 2013.

Plaintiffs seek an order:
(1) Compelling Defendants to produce an organizational chart by a date certain (Plaintiffs propose March 1, 2013);
(2) Compelling Defendants to begin producing responsive documents by a date certain (Plaintiffs propose March 8, 2013);
(3) Compelling Defendants to substantially complete producing responsive documents by a date certain (Plaintiffs propose March 29, 2013); and
(4) Extending the time in which to serve first interrogatories to thirty days after Defendants are compelled to begin producing documents.

## II.  Plaintiffs' position:

Discovery in a complex commercial case typically proceeds as follows: (1) producing parties produce a detailed organizational chart; (2) producing parties and receiving parties negotiate over custodians; (3) producing parties search for responsive documents in the files of agreed-upon custodians.

Since Plaintiffs served their first requests for production of documents, which requested a detailed organizational chart, Defendants have been on notice that Plaintiffs sought one. On December 6, 2012, Defendants have agreed to produce a detailed organizational chart. It has been over two months from December 6. In those two months, Defendants have not produced a document. They have not produced any organizational chart. On January 18, 2013, Plaintiffs requested and were promised by Defendants an update on production. There has been no update. By letter dated February 8, 2013, Defendants indicated that they could not obtain a detailed organizational chart because of Chinese New Year. On February 11, Plaintiffs requested that Defendants provide a date certain by which they would begin and complete production. Defendants have not answered Plaintiffs' request.

On November 20, 2012, the Court entered a Civil Case Management Plan. Dkt. # 99. The Plan directs the parties expeditiously to conduct discovery, allowing a longer period than is usual because of foreign discovery, but instructing the Parties that no extensions of discovery will be permitted. Plaintiffs seek to honor this Plan, but this action is stalled. Defendants have agreed to produce documents, but apparently have not made any efforts to comply with their agreement (if they have made any efforts, they are unwilling to discuss them with Plaintiffs). Without documents, Plaintiffs cannot prepare this action for trial or engage in meaningful settlement discussion. And, for what it is worth, the burden of proof belongs to Plaintiffs, so that any delay in production disadvantages Plaintiffs, not Defendants.

The rules of civil procedure do not permit parties to refuse to participate in discovery. Yet the rules of civil procedure are not self-enforcing. This Court should enter an order:
(1) Compelling SkyPeople Defendants to produce a detailed organizational chart by March 1, 2013;
(2) Compelling Defendants to begin producing responsive documents by a March 8, 2013;
(3) Compelling Defendants to substantially complete producing responsive documents by March 29, 2013; and

2

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34ᵀᴴ FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

(4) Extending the time in which to serve first interrogatories to thirty days after Defendants are compelled to begin producing documents.

### III. Defendants' Position:

Plaintiffs' position with respect to these discovery matters is entirely without merit, and their insistence on involving the Court in these issues at this stage is premature and counterproductive.

#### A. Plaintiffs' Request for a "Date Certain" by Which SkyPeople Should Produce Documents

According to the Civil Case Management Plan, entered by this Court on November 20, 2012 (Doc. 99), fact discovery in this case must be completed no later than December 31, 2013. As this Court recognized, a longer-than-normal discovery period is necessary in this case because of the inherently complex and time-consuming nature of discovery involving a foreign defendant, documents, and witnesses located in the People's Republic of China ("PRC"). (*Id.* ¶ 5.) Discovery is further complicated by the PRC's state secrecy laws, which prohibit Chinese companies (including SkyPeople) from sending documents to foreign parties that involve, or may involve, "state secrets." Under these laws, state secrets are broadly defined; discretion is given to the PRC government in the first instance to determine whether documents involve such secrets; and violation of the law is punishable by potentially severe civil and criminal penalties.[2] Defendants have worked diligently to evaluate these issues in the last several months: they have conducted extensive legal research, consulted with PRC experts, and worked to develop internal procedures to avoid the necessity of filing a motion for a protective order on the basis of these issues.

Based on the foregoing, Plaintiffs' request that Defendants agree to a "date certain" of March 29, 2013 by which to "substantially complete" their production is not only unrealistic, it is wholly unreasonable. First, as discussed above, discovery in this case closes on December 31, 2013—*nine months* after Plaintiffs' request would require SPU's production to be "substantially complete." If Plaintiffs' request were granted, it would vitiate entirely the purpose of a "discovery period." Second, due to the broad scope of Plaintiffs' document requests, Defendants expect to collect a large amount of data. This data, of course, will need to be processed and reviewed for responsiveness and privilege—not to mention evaluated for potential state secrets and, in some cases, translated—before it can be produced. Third, a Stipulated Protective Order was not issued in this case until February 7, 2013, just four days before Plaintiffs' February 11 request for a "date certain" by which production would be complete, and less than two weeks before Plaintiffs' insistence on raising this issue before this Court. Lastly, Plaintiffs' request that Defendants produce documents by a "date certain" is all the more disingenuous given that Plaintiffs *have not produced a single document* in response to Defendants' discovery requests,

---

[2] Plaintiffs are certainly aware of these issues, as they are discussed in the Civil Case Management Plan. (*See id.* ¶ 13 ("The SPU Defendants are evaluating their obligations under the Federal Rules of Civil Procedure as they relate to these restrictions.").)

3

despite not being faced with any of the same complex issues that must be addressed by SkyPeople before document collection and production can take place.

Notwithstanding the logistical issues outlined above, Defendants have already begun their rolling production of documents—making their first production on February 28, 2013, which constitutes over 2,500 pages of documents. Plaintiffs' contention that Defendants have not kept them informed of the status of their document collection efforts and production is entirely false: the Parties have exchanged extensive correspondence and had numerous calls on these issues, and Defendants have begun their production while Plaintiffs have not.

B.   **Plaintiffs' Request for an "Organizational Chart"**

With respect to Plaintiffs' request that SkyPeople produce an organizational chart, as we have already communicated to Plaintiffs' counsel, SkyPeople does not have an organizational chart. Accordingly, it is not required to produce one in litigation. *See* Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents *as they are kept in the usual course of business* . . . .") (emphasis added).

In the spirit of good faith, however, we have asked our client to send us the names and titles of any individuals at the Company who may be in possession of potentially relevant information so that we may agree with Plaintiffs' counsel to a list of relevant "custodians." Due to Chinese New Year, during which SkyPeople's business was closed, the preparation of such a list was delayed. On February 28, 2013, we received this information from our client, and sent a letter to Plaintiffs the same day forwarding this information to them. The letter identifies 13 individuals, which, in addition to our previous communications, brings the total number of custodians Defendants have proposed thus far to twenty-three (23). In response, Plaintiffs reaffirmed their demand for a detailed organizational chart. Plaintiffs' continued insistence on an organizational chart, despite the fact that one does not exist, and despite having already received sufficient information to identify custodians, is wholly without merit.

C.   **Requested Relief**

For all these reasons, we believe that Plaintiffs' requested relief should be denied. Defendants respectfully submit that no action on the part of this Court is necessary at this time.

Dated:   March 1, 2013

Respectfully submitted,
**THE ROSEN LAW FIRM, P.A.**

By:  /s/ Jonathan Horne
Jonathan Horne (JH 7258)
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
275 Madison Avenue, 34th Floor
New York, NY 10016

Counsel for Plaintiffs

4

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34TH FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827

WINSTON & STRAWN LLP

By: /s/ Neal R. Marder
Neal R. Marder (*admitted pro hac vice*)
Micol O. Sordina
333 S. Grand Avenue
Los Angeles, California 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Jeffrey R. Burke
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700

Attorneys for Defendants SkyPeople Fruit Juice, Inc., Robert B. Fields, Norman Ko, John Smagula, Spring Liu, Hongke Xue, and Xiaoqin Yan

5

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 34ᵀᴴ FLOOR ♦ NEW YORK, NY 10016 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827