```
                                                  ┌─────────────────────────────┐
                                                  │ USDS SDNY                   │
                                                  │ DOCUMENT                    │
                                                  │ ELECTRONICALLY FILED        │
                                                  │ DOC #: _____      │
                                                  │ DATE FILED: 3-29-13         │
                                                  └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ZACHARY LEWY, et al.,

                                 Plaintiffs,                          11 Civ. 2700 (PKC)

                 -against-

                                                    MEMORANDUM AND
                                                    ORDER

SKYPEOPLE FRUIT JUICE, INC., et al. ,

                                 Defendants.
-------------------------------------------------------------x
CASTEL, District Judge:

        The Court has received the Joint Letter of March 27, 2013, which succinctly sets forth the present discovery dispute between the plaintiffs and the corporate defendant's former auditors, non-party Child, Van Wagoner & Bradshaw, PLLC (the "Former Auditors").[1] The Court does not read the Former Auditors as objecting to the scope of the subpoena, issued pursuant to Rule 45, Fed. R. Civ. P., but rather they object to the production of documents unless the form of the Confidentiality Order protects them from the use of the documents by plaintiffs to bring claims against the Former Auditors in this action. They fear that the production is improper pre-complaint discovery against the Former Auditors.

        Assuming that the subpoena seeks documents which are properly producable as non-party discovery as measured by the present scope of the action, it is not necessary that the party seeking the documents foreswear any future use of the documents to broaden a claim, including by adding additional parties. Plaintiffs' counsel owe fiduciary duties to the class and ought not be required to give up the right to add additional parties if the facts so warrant as the price for inspecting documents, which the Federal Rules of Civil Procedure would allow them to

---

[1] The underlying claims under both the Securities Act and the Securities Exchange Act are described in the Court's prior Memorandum and Order. Lewy v. SkyPeople Fruit Juice, Inc., 2012 WL 3957916 (S.D.N.Y. Sept.10, 2012 ).

inspect.  Proposed amendments to the pleadings at this advanced juncture are subject to Court

review and would require modification of the date set by the Court for any motion to amend.

Rules 15(a) & 16(c)(2)(B), Fed. R. Civ. P.

The Court understands the Former Auditors' concern that a securities fraud claim

pleaded before the documents were produced might not withstand PSLRA scrutiny but a claim

pleaded after such production might survive.   This may prejudice the non-party but it is not

unfair prejudice or undue burden that warrants a protective order.

The Former Auditors shall produce the responsive documents within 21 days

subject to the provisions of the existing Confidentiality Order, which prohibit the use of the

documents for any purpose other than the pursuit of the present action.


SO ORDERED.


P. Kevin Castel
United States District Judge


Dated: New York, New York
       March 28, 2013