**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne, Esq. (JH7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

***Lead Plaintiffs' Counsel***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

ZACHARY LEWY, JOHN LEE, ERIC KLEMENT, AND BENJAMIN L. PADNOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, BDO LIMITED, CHILD, VAN WAGONER & BRADSHAW, PLLC, YONGKE XUE, HONGKE XUE, XIAOQIN YAN, SPRING LIU, NORMAN KO, GUOLIN WANG, ROBERT B. FIELDS, AND JOHN SMAGULA,

Defendants.

-----------------------------------------------------------X

CASE No.: 1:11-cv-02700 (PKC)

CLASS ACTION

**PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, court-appointed Lead Plaintiff Zachary Lewy ("Lewy"), and named plaintiffs Eric Klement ("Klement"), Benjamin L. Padnos ("Padnos"), and John Lee ("Lee") (collectively, the "Plaintiffs") and their Lead Counsel The Rosen Law Firm, P.A., hereby move the Court for an Order: (a) approving the administrative determinations of Strategic Claim Services ("SCS"), accepting and rejecting the claims submitted as recommended herein and in the Affidavit of Josephine Bravata Concerning

the Results of the Claims Administration Process ("Bravata Affidavit"); and (b) directing distribution of the Net Settlement Fund, after deduction of the payments requested herein, to Authorized Claimants.

In support of this Motion, Plaintiffs submit the following Memorandum of Points and Authorities, the Declaration of Jonathan Horne In Support of Plaintiffs' Motion for Distribution of Class Settlement Funds ("Horne Declaration"), filed herewith, and the Bravata Affidavit, attached as Exhibit 1 to the Horne Declaration.

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

This action commenced on April 20, 2011 as a class action on behalf of all persons and entities other than Defendants who purchased the common stock of SkyPeople Fruit Juice Inc. ("SkyPeople" or the "Company") during the period between March 31, 2010 and April 1, 2011 for alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

On October 3, 2011, Plaintiffs filed the Consolidated Class Action Complaint, which incorporated additional facts and causes of action – violations of Sections 11, 12, 15 of the Securities Act of 1933 – and was subsequently amended on November 28, 2011. After Defendants motions to dismiss and responsive briefing was completed, the Court granted in part and denied in part the Settling Defendants' motions to dismiss on September 10, 2012 (Docket No. 92).

On September 18, 2013, the Court entered an order preliminarily approving the Settlement ("Preliminary Approval Order"; Docket No. 127). On January 27, 2014, the Court

[1]Unless otherwise indicated, all capitalized terms herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement (the "Stipulation") filed with the Court on September 13, 2013 (Docket No. 126-1).

entered an Order and Final Judgment, which approved as fair, reasonable, and adequate the terms and conditions set forth in the Stipulation ("Final Judgment"; Docket No. 140). The Settlement provides $2.20 million in cash, plus interest to be earned thereon, for the benefit of the Class in consideration for the Class' Settled Claims. On January 27, 2011, the Court also issued an Order approving Plaintiffs' Motion for Attorneys' Fees and Reimbursement of Expenses (Docket No. 139), which provided for an award of $550,000 in attorneys' fees and reimbursement of expenses in the amount of $124,321.60 to Plaintiffs' Counsel and an reimbursement of $2,800 to Plaintiff Klement – all to be paid from the Net Settlement Fund.

Lead Plaintiffs' Counsel has been advised by the court-appointed claims administrator, Strategic Claims Services, that it has completed all analyses and accounting procedures in connection with the proofs of claim (the "Claims") submitted by those persons who responded to the Notice, and has determined which of those persons are Authorized Claimants as defined by the Stipulation. *See* Bravata Affidavit ¶ 4; Stipulation, p. 19, ¶ D-14.

All that remains to complete the Settlement process is to distribute the Net Settlement Fund[2] to the Authorized Claimants. Plaintiffs' Counsel requests that the Court authorize the distribution of the Net Settlement Fund.

## II. DETERMINATION OF AUTHORIZED CLAIMS

### A. Deficient and Ineligible Claims

Pursuant to the Court's Preliminary Approval Order, all claims were to be submitted to the Claims Administrator postmarked or received no later than 75 calendar days after the Notice Date – December 17, 2013. Prelim. Approval Order ¶ 19. The Claims Administrator has

---

[2]Defined as the Gross Settlement Fund, less: (i) Attorneys' Fees and Expenses and awards to Plaintiffs; and (ii) Notice and Administration Expenses.. Stipulation, p. 8, ¶ A-18.

finalized its determination of which claims are authorized and which are ineligible. Bravata Affidavit ¶ 5.

SCS identified 110 inadequately documented claims. *See* Bravata Affidavit, ¶ 5b When claims were inadequately documented, SCS sent claimants deficiency notices advising them of the deficiency, and they were given the opportunity to cure the deficiency. *Id.* Of the 110 claims initially identified as deficient, 66 have been successfully rectified and are now considered valid. *Id.* The remaining 44 claimants either did not respond to the deficiency notice, or responded with insufficient documentation. *Id.* These claimants were sent second rejection notices explaining the reason(s) for their rejection. To date, none of these remaining claimants have objected to or contested SCS's determination. *Id.*, & Ex. D thereto.

In addition to the 44 claims above, SCS identified 394 claimants that it has recommended for complete rejection due to such claimants having: no Recognized Losses; no purchases during the Class Period; filed for other securities not SkyPeople; duplicative claims; shares sold short; and withdrew his/her claim. *Id.*, at ¶ 5c. Such claimants were sent rejection notices advising them of SCS's determination, and to date, none of these claimants have objected to or contested their rejection. *Id.* No other shareholder has disputed the Claim's Administrator's determinations. Therefore, Plaintiffs respectfully request that the Court approve the Claim Administrator's recommendation to disallow the ineligible and deficient claims set forth in Exhibits D and E to the Bravata Affidavit.

**B. Untimely but Otherwise Valid Claims**

The Stipulation indicates that: "All Proofs of Claim must be postmarked or received within 75 calendar days after the Notice Date, unless otherwise ordered by the Court. Any Class Member who fails to submit a properly completed Proof of Claim within the period authorized

by the Court shall be forever barred from receiving any payments pursuant to this Stipulation or from the Net Settlement Fund (unless, by Order of the Court, a later-submitted Proof of Claim by such Class Member is approved), but will in all other respects be subject to the provisions of this Stipulation and the Order and Final Judgment, including, without limitation, the release of the Settled Claims and dismissal of the Litigation. A Proof of Claim shall be deemed to have been submitted when posted, if received with a legible postmark on the envelope and if mailed by first-class or other posted mail and addressed in accordance with the instructions thereon; in all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator." Stipulation, p. 16-17, ¶ D.5.

SCS identified 578 properly documented and valid claims, which includes 544 timely filed valid claims and 34 late but otherwise valid claims filed after the Court-approved deadline of December 17, 2013. *See* Bravata Affidavit, ¶ 5a, n. 2.

The untimely filed claims have not caused significant delay to the distribution of the Net Settlement Fund, or otherwise prejudiced any Authorized Claimants, and the amount of recognized loss represented by the late claims ($92,698.32) is relatively small when compared to amount of the recognized losses of the timely claims (over $7.4 million). *See* Bravata Aff., n. 3; *See Dahingo v. Royal Caribbean Cruises ;Ltd.*, 312 F.Supp.2d 440, 446 (S.D.N.Y. 2004), citing *In re "Agent Orange" Product Liability Litig.*, 689 F.Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court even allowing previously opted-out claims since settlement agreement established a fixed fund, and timely claims having "no justifiable expectation in any particular pay-out"); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

As such, Plaintiffs' Counsel requests that the Court approve the 34 untimely, but otherwise valid claims as listed in Exhibit B-2 of the Bravata Affidavit.

## III. FINAL REQUEST FOR EXPENSES

### A. All Attorneys' Fees Have Previously Been Awarded by the Court

This motion does not request any award of attorneys' fees. All attorneys' fees for Lead Plaintiffs' Counsel in connection with the Payment Fund have previously been awarded by the Court. *See* Fee and Expenses Order ¶ 4. In addition, this motion does not request an award of expenses, except, as discussed *infra*, for the remaining unpaid final fees and expenses (including the remaining cost incurred in giving Notice to the Settlement Class Members) of the Claims Administrator relating to processing claims and distributing the Net Settlement Fund.

## IV. DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Plan of Allocation authorized by the Court's Final Judgment, the Net Settlement Fund shall be distributed by the Claims Administrator, under the supervision of Lead Counsel, in accordance with the Stipulation and Plan of Allocation, or such further orders of the Court as may be necessary, or as circumstances may require. *See* Stipulation, p. 15-16, ¶ D-2.

If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks and in no event earlier than one (1) year after the initial distribution of such funds, Lead Plaintiff may file a motion with the Court, with notice to all Parties, seeking permission to contribute any balance remaining in the Net Settlement Fund to one or more nonsectarian, not-for-profit organization(s) exempt under Section 501(c)(3) of the

Internal Revenue Code designated by Lead Plaintiff's Counsel. *See* Stipulation, p. 19, ¶ D-15.

## V. CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court decide the within motion on the papers, and approve and enter the Proposed Order submitted herewith.

DATED: September 25, 2014

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Horne

Laurence Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Jonathan Horne, Esq. (JH 7258)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: 212-686-1060
Facsimile: 212-202-3827
Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this on September 25, 2014 a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Jonathan Horne