UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ZACHARY LEWY, JOHN LEE, ERIC KLEMENT, AND BENJAMIN L. PADNOS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

Plaintiff,

v.

SKYPEOPLE FRUIT JUICE, INC., RODMAN & RENSHAW, LLC, BDO LIMITED, CHILD, VAN WAGONER & BRADSHAW, PLLC, YONGKE XUE, HONGKE XUE, XIAOQIN YAN, SPRING LIU, NORMAN KO, GUOLIN WANG, ROBERT B. FIELDS, AND JOHN SMAGULA,

Defendants.

------------------------------------------------------------X

CASE No.: 1:11-cv-02700 (PKC)

CLASS ACTION

~~[PROPOSED]~~ ORDER

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: 11-10-14

IT IS HEREBY ORDERED THAT:

1. The balance of the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibit B-1 to the Declaration of Josephine Bravata Concerning the Results of the Claims Administration Process, at the direction of Lead Counsel The Rosen Law Firm P.A., pursuant to the Stipulation and Agreement of Settlement with SkyPeople Fruit Juice, Inc. and its Officers and Directors (the "Stipulation") and the Plan of Allocation set forth in the Notice of Pendency and Proposed Settlement of Class Action that was distributed pursuant to this Court's prior Order.

2. Any person asserting any rejected or subsequently filed claims are finally and forever barred from the date of this Order.

3. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

4. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Lead Counsel and SCS are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

5. If there are no additional funds to be paid to the Net Settlement Fund pursuant to Paragraph 14 of Section D of Stipulation and if there are any remaining funds in the Net Settlement Fund one year after the distribution of the Net Settlement Fund by reason of un-cashed distributions or otherwise, and after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution, Lead Plaintiff may file a motion with the Court, with notice to all Parties, seeking permission to contribute any balance remaining in the Net Settlement Fund to one or more nonsectarian, not-for-profit organization(s) exempt under Section 501(c)(3) of the Internal Revenue Code designated by Lead Plaintiff's Counsel.

6. SCS is hereby ordered to discard paper or hard copies of Proofs of Claims and supporting documents not less than one (1) year all distributions of the Net Settlement Fund to

the eligible claimants and electronic copies of the same not less than three (3) years after the all distributions of the Net Settlement Fund to the eligible claimants.

7. This Court retain jurisdiction over any further application or matter which may arise in connection with this action.

Dated: 11-7, 2014

SO ORDERED:

HON. P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE